UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FRIEDA BOSTWICK, and NANCY BOSTWICK,<br><br>Defendant. | CASE NO. 3:14-CV-05931-RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER OF DEATH BENEFIT AND DISMISSAL OF NEW YORK LIFE INSURANCE COMPANY; AND DEFENDANT FRIEDA BOSTWICK'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the court on Plaintiff's Motion for Interpleader of Death Benefit and Dismissal of New York Life Insurance Company (Dkt. 16) and Defendant Frieda Bostick's Motion for Partial Summary Judgment (Dkt. 21). Because the motions are interrelated, the Court will address both herein. The Court has considered the pleadings filed in support of and in opposition of both motions and the remainder of the file. Dkt. 16-24.

ORDER ON PLAINTIFF'S MOTION FOR
INTERPLEADER OF DEATH BENEFIT AND
DISMISSAL OF NEW YORK LIFE INSURANCE
COMPANY; AND DEFENDANT FRIEDA
BOSTWICK'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 1

|   |   |
|---|---|
| 1 | FACTUAL BACKGROUND |

2  This case centers on a dispute over the rightful beneficiary of a life insurance policy.

3  David Bostwick ("David"), born on March 23, 1958, purchased a life insurance policy ("the

4  Policy") in 1977 from New York Life Insurance Company ("NYLIC"). David named his parents,

5  William ("William") and Frieda Bostwick ("Frieda") as the beneficiaries to the Policy's Death

6  Benefit. Other than the first payment on the Policy, which David paid, Frieda paid the Policy's

7  premium payments, along with William, until Williams' death in 2013. Dkt. 18-3, at 13. David

8  died on June 16, 2014, triggering payability by NYLIC of the Death Benefit.

9  Prior to David's death but after his purchase of the Policy, David twice married. Dkt. 18-

10  3, at 10, 11. David and his second wife, Nancy Bostwick ("Nancy"), did not divorce, but since

11  2006 were estranged. *Id*. David was diagnosed with colon cancer during February 2013. *Id*. On

12  June 11, 2014, while David was in the hospital, Nancy visited David. *Id*. During that visit,

13  according to Nancy, David signed a change of beneficiary form to name her as the primary

14  beneficiary of the Policy. *See* Dkt. 18-7. Frieda disputes that David had the physical and mental

15  capacity to execute the form. Dkt. 18-3, at 14.

16  After David's death on June 16, 2014, Nancy filed a claim with NYLIC for payment of

17  the Death Benefit. Dkt. 18-7. Frieda attempted to do the same, without success, because Nancy

18  also claimed the benefit, and under the NYLIC policy, beneficiary designation can be changed

19  "by written notice in a form satisfactory to the Company." Dkt. 17, at 3. By letter on July 2,

20  2014, NYLIC requested that Frieda forward NYLIC any documents to support her request to

21  withhold payment to Nancy. Dkt. 18-2. Frieda responded by providing records, as well as

22  multiple declarations, including those of Dr. Frank Senecal, David's primary physician; Renee

23  Wilber, the woman who lived with David for the last several years of his life; two of David's

24  ORDER ON PLAINTIFF'S MOTION FOR
INTERPLEADER OF DEATH BENEFIT AND
DISMISSAL OF NEW YORK LIFE INSURANCE
COMPANY; AND DEFENDANT FRIEDA
BOSTWICK'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 2

siblings, who were with him during the last few days of his life; and Frieda's own sworn testimony. Dkt. 18-3.

## PROCEDURAL HISTORY

NYLIC filed its complaint in interpleader on November 24, 2014 to resolve the question of who should be paid on the Policy. Dkt. 1. Both Nancy and Frieda filed answers to the complaint, as well as cross-claims for declaratory relief, attorney fees, and interest. Dkt. 9, 13. Frieda asked NYLIC to produce, among other things, "all manuals, standards, instructions, directives, memoranda, or orders prepared or utilized by [NYLIC] as a guide to assist the determination of whether a purported change of beneficiary should be accepted" and ". . . as a guide to determining what constitutes sufficient proof than an insured has knowingly . . . changed the beneficiary[.]" Dkt. 17-6, at 6.

According to Frieda, NYLIC did not answer these requests for production. Dkt. 17, at 6. NYLIC maintains that it made diligent efforts, which included a phone call and Rule 26(f) conference to narrow the scope of the discovery, as well as circulation on March 19, 2015 of a Confidentiality Stipulation and Order. Dkt. 20, at 2, 3. According to NYLIC, Frieda's counsel did not respond to the initial circulation until after NYLIC sent two follow up emails, at which point Frieda's counsel asked to use the Western District model form instead. On April 23, 2015, NYLIC circulated a revised Confidentiality Stipulation and Order, which to date has not been responded to by Frieda's counsel. *Id*.

NYLIC filed a motion to interplead the Death Benefit and to dismiss NYLIC on May 20, 2015. Dkt. 16. According to NYLIC, Nancy stipulated to the motion, which Frieda opposes. Dkt. 16, at 4; Dkt. 17-19.

ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER OF DEATH BENEFIT AND DISMISSAL OF NEW YORK LIFE INSURANCE COMPANY; AND DEFENDANT FRIEDA BOSTWICK'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 3

1   On June 11, 2015, Frieda moved for partial summary judgment, requesting an order
2   declaring that David lacked the capacity to execute the change in beneficiary form; an order
3   declaring that Frieda is the lawful beneficiary to the Policy; and an order directing NYLIC to pay
4   her on the Policy. Dkt. 21. NYLIC takes no position as to Frieda's motion. Dkt. 23. Nancy did
5   not file any response to the motion, despite the Court's *Rand* notification reminding her of the
6   obligation to do so. Dkt. 24. *See* docket generally.

7       *a.   Motion for Interpleader and Motion to Dismiss New York Life Insurance Co.*

8   28 U.S.C. § 1335 creates federal jurisdiction over interpleader actions in which any two
9   claimants to the fund are of diverse citizenship. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261,
10  1265 (9th Cir. 1992). In interpleader actions, the "stakeholder" of a sum of money sues all those
11  who might have claim to the money, deposits the money with the district court, and lets the
12  claimants litigate who is entitled to the money. *See, e.g., Gaines v. Sunray Oil Co.,* 539 F.2d
13  1136, 1141 (8th Cir.1976). *See* § 1335(a)(2). The court must first determine whether the
14  threshold requirement for interpleader is met, namely, that there is a single fund at issue with at
15  least two adverse claims to the fund. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir.2010).
16  Next, the court makes a determination about the parties' respective rights as to their claims. *Id*.
17  Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be
18  dismissed, and courts may issue injunctions to protect stakeholders from duplicative litigation
19  from the adverse parties. 28 U.S.C. § 2361. *See, e.g., Mayer v. Mayer*, No. C11-05328-BHS,
20  2012 WL 29129, at *1 (W.D.Wash.2012), citing to *Minn. Mut. Life Ins. Co. v. Ensley,* 174 F.3d
21  977, 981 (9th Cir.1999).

22  On the facts in this case, the motion for interpleader of the Death Benefit is
23  straightforward: there is a single fund, the Death Benefit, to which two parties, Frieda and

ORDER ON PLAINTIFF'S MOTION FOR
24 INTERPLEADER OF DEATH BENEFIT AND
DISMISSAL OF NEW YORK LIFE INSURANCE
COMPANY; AND DEFENDANT FRIEDA
BOSTWICK'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 4

1 Nancy, both claim entitlement. The motion for interpleader of the Death Benefit should be
2 granted. The second issue, who is entitled to the benefit, is discussed below.

3       Regarding NYLIC's dismissal from the case, Frieda opposes it because, she says, not all
4 discovery has been completed, and so she does not know whether she will also bring claims
5 against NYLIC. Dkt. 17, at 7-9. Frieda points to two discovery requests regarding what is
6 "satisfactory" under NYLIC policy when approving change in beneficiary forms, which,
7 according to Frieda, NYLIC has "not answered." *Id*. Dkt. 17-1, at 2.

8       It appears that Frieda's argument that NYLIC should not be dismissed because of
9 incomplete discovery is based on Fed. R. Civ. P. 56(d). The rule requires that "a nonmovant
10 show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to
11 justify its opposition[.]" Fed. R. Civ. P. 56(d). If the nonmovant makes this showing, the court
12 has the discretion to take appropriate action, including deferring or denying the motion. *Id*.

13       Applying the rule to this case, Frieda has not made the requisite showing by affidavit or
14 declaration that because of the lack of discovery she cannot present facts essential to justify her
15 opposition. The crux of Frieda's opposition is that Frieda, not Nancy, is the rightful beneficiary
16 to the Death Benefit, but on this issue, the requested discovery has no bearing. Particularly where
17 the Court finds that Frieda is the beneficiary to the Policy, *see supra*, Frieda will receive what
18 she asked for without need of any knowledge of NYLIC's internal policies. Furthermore, to rule
19 otherwise and give Frieda another opportunity at discovery would unnecessarily delay the case
20 and provide a shield for Frieda to invent claims against NYLIC not supported by the record and
21 of no relevance to the central issue of the case.

22       Moreover, the Court finds the representation by Frieda's counsel that NYLIC has "not
23 answered" its discovery request to be incomplete, at best, or disingenuous, at worst. Frieda's

24 ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER OF DEATH BENEFIT AND DISMISSAL OF NEW YORK LIFE INSURANCE COMPANY; AND DEFENDANT FRIEDA BOSTWICK'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 5

1  counsel states that on December 30, 2014, he submitted discovery requests to NYLIC, some of
2  which NYLIC has not answered. Dkt. 18, at 2. However, his sworn declaration makes no
3  mention of NYLIC's efforts to facilitate discovery after that date. *See id*. The declaration of
4  NYLIC's counsel tells the rest of the story: the requested information, sensitive to NYLIC, was
5  the subject of multiple correspondences between counsel over a period of months, culminating in
6  NYLIC's second draft of a Confidentiality Stipulation and Order, a document that NYLIC
7  circulated to Frieda's counsel but that Frieda's counsel did not respond to. Dkt. 20, at 2, 3.  On
8  these facts, the appropriate action is to dismiss NYLIC, not to give Frieda another chance for
9  discovery. *See* Fed. R. Civ. P. 56(d)(3).

      *b.  Motion for Partial Summary Judgment*

Frieda's partial summary judgment seeks a court order declaring that David lacked the capacity to execute a change in beneficiary form on June 11, 2014; that Frieda is the lawful beneficiary to the Policy; and for an order directing NYLIC to pay her on the Policy. Dkt. 21. NYLIC takes no position as to Frieda's motion, but Nancy did not file a response, despite the Court's warning. Dkt. 23, 24.

Under LCR 7(b)(2), courts may deem a failure to respond to a motion for summary judgment as an admission that the motion has merit. However, the motion should not be granted simply because there is no opposition, even if the failure to oppose violates a local rule. *See Henry v. Gill Indus.,* 983 F.2d 943, 950 (9th Cir.1993). Instead, the moving party must demonstrate the absence of genuine issues of material fact, regardless of a failure to respond. *See Cristobal v. Siegel,* 26 F.3d 1488, 1491 (9th Cir.1994).

In this case, on the record provided, Frieda has demonstrated the absence of a genuine issue of material fact. *See* Dkt. 18-3. Nancy did provide an answer to the complaint, but her

ORDER ON PLAINTIFF'S MOTION FOR
INTERPLEADER OF DEATH BENEFIT AND
DISMISSAL OF NEW YORK LIFE INSURANCE
COMPANY; AND DEFENDANT FRIEDA
BOSTWICK'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 6

answer is nothing more than a general denial. *See* Dkt. 13. Beyond her answer to the complaint, Nancy has not submitted anything that contradicts the evidence submitted by Frieda. *See* docket generally. Therefore, the Court considers the record provided by Frieda. *See* Dkt. 18-3.

The uncontroverted evidence shows that at the time David allegedly signed the change in beneficiary form, on June 11, 2014, he was in the hospital suffering from advanced colon cancer. Dkt. 18-3, at 7. His primary care physician described his suffering at the moment as "significant cognitive impairment that impaired his ability to reason thoughtfully and . . . to resist influence from others." Dkt. 18-3, at 8. The sworn declaration of David's primary care physician is supported by the declarations of others around David during the last few days of his life, including his mother, two siblings, and Renee Wilbur, who lived with David and took care of him for the last three years of his life. Dkt. 18-3, at 9-16. David is described as confused, sleeping for long periods of time, and using indecipherable speech. *Id*., at 12. Quite strikingly, Renee Wilbur notes that "Nancy did not want [her] present" at the time that David allegedly signed the change in beneficiary form. Dkt. 18-3, at 11. The Court concludes that there is overwhelming evidence that David lacked the capacity to execute a change in beneficiary form. On the record provided, which Nancy has not contested, there is no genuine issue of material fact. Frieda's motion for partial summary judgment should be granted.

    c. *Attorney's fees and Interest*

The Court has discretion to award attorney's fees and costs from the interpleader funds when fair and equitable to do so. *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir.1982). In this case, given the small amount of money available to Frieda as beneficiary to the Death Benefit under the Policy, the Court declines to award attorney's fees to any party. For the same reason, the Court declines to calculate interest on the Death Benefit.

\* \* \*

THEREFORE, the Court HEREBY finds that:

    (1) The change of beneficiary form to remove Frieda Bostwick in favor of Nancy Bostwick as beneficiary, executed by David Bostwick on June 11, 2014, is void and unenforceable, because David Bostwick lacked the capacity to execute the form under the law.

    (2) Frieda Bostwick is the lawful beneficiary to David Bostwick's New York Life Insurance Company policy;

ACCORDINGLY, New York Life Insurance Company's motion to interplead and to dismiss New York Life Insurance Company (Dkt. 16) is GRANTED. Furthermore, Frieda Bostwick's motion for partial summary judgment (Dkt. 21) is GRANTED. The policy proceeds shall be distributed to Frieda Bostwick. Upon receipt of the funds by the Clerk, and distribution of them to Frieda, the case will be closed.

IT IS ORDERED.

DATED this 22nd day of July, 2015.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER OF DEATH BENEFIT AND DISMISSAL OF NEW YORK LIFE INSURANCE COMPANY; AND DEFENDANT FRIEDA BOSTWICK'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 8